IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

JULIALEA EAVES, DAVID DONNELLY,
and PATRICIA EAVES FINN,

        Plaintiffs,

v.                                       Civil No. 07-0655 WJ/RLP

MARLOG CARGO USA, INC., MAINFREIGHT
OWENS INTERNATIONAL, INC., SHUMACHER
CARGO LINES, CAROTRANS INTERNATIONAL,
INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT SCHUMACHER
CARGO LOGISTICS, INC.'S MOTION TO DISMISS**

      **THIS MATTER** comes before the Court on Defendant Schumacher Cargo Lines, Inc.'s

Motion to Dismiss and Memorandum in Support.  (Doc. 32).  Plaintiffs filed a pro se Complaint

in this matter on July 10, 2007.  (Doc. 1).  Defendant Schumacher Cargo Lines Inc.'s[1]

(hereinafter "Defendant"), in its instant Motion, argues that the Court should dismiss the

complaint in regards to Defendant Schumacher for lack of subject matter jurisdiction, lack of

personal jurisdiction, and improper venue.  (Doc. 32).  Defendant filed an October 23, 2007

Notice of Completion of Briefing in regards to the instant Motion.  (Doc. 36).  The Court, having

fully considered the instant motion, the relevant law, Plaintiffs' lack of response to the instant

motion,[2] and otherwise being fully informed, finds that the motion to dismiss will be granted in

---

    [1]  Schumacher Cargo Lines Inc. was previously d/b/a Marlog Cargo USA, Inc.  (Doc. 32-2: Exhibit A).  This Memorandum Opinion and Order refers to only Schumacher Cargo Lines Inc.; however, the disposition also pertains to the named Defendant Marlog Cargo USA, Inc.

    [2]  Initially, Schumacher Cargo Lines President Martin Baker sent a July 31, 2007 letter to the Court which was filed as a Motion to Dismiss for Lack of Personal Jurisdiction by

regards to Defendant Schumacher Cargo Lines, Inc. for lack of personal jurisdiction.  The Court

does not reach the merits of Defendant's claims regarding the alleged lack of subject matter

jurisdiction and improper venue.

**BACKGROUND**

**Undisputed Facts**

Plaintiffs reside in Santa Fe, New Mexico.  (Doc. 1).  The Complaint in this matter arises

out of Plaintiffs' allegations concerning damages to their cargo.  Id.  In July of 2006 Plaintiffs

delivered their cargo to Defendant in California.  (Doc. 1, 32).  Plaintiffs contracted with

Defendant to transport the cargo from Long Beach, California to Wellington, New Zealand.

(Doc. 1, 1-2, 32).  In November of 2006 Plaintiffs contracted with Mainfreight Owens

International Inc. (co-defendant) to transport the same cargo from Tauranga, New Zealand to

Los Angeles, California.  (Doc. 1, 1-3, 32).  The Bill of Lading concerning the second shipment

listed Defendant Schumacher in the Notify Party Box.  (Doc. 1-3).  In December of 2006

Plaintiffs requested a quote from Defendant regarding the transportation of their cargo from

California to Colorado Springs, Colorado.  (Doc. 1, 32, 32-2: Exhibit C).  In late December 2006

CaroTrans International Inc. (co-defendant) delivered Plaintiffs cargo to Commercial Warehouse

Co. in Albuquerque, New Mexico.  (Doc. 1, 1-4, 32).

**STANDARD OF REVIEW**

A motion to dismiss is an appropriate procedural vehicle for resolving personal

---

Schumacher Cargo Lines.  (Doc. 3).  Plaintiffs filed a pro se Response to Defendant's initial
Motion to Dismiss.  (Doc. 6).  However, the Court entered an Order finding as moot the initial
Motion to Dismiss for Lack of Jurisdiction by virtue of the fact that Defendant obtained counsel
in this matter, counsel entered an appearance, and counsel filed the instant Motion to Dismiss on
Defendant's behalf.  (Doc. 24, 32, 33).  Although Plaintiffs did not respond to the instant
Motion, this Memorandum Opinion and Order also responds to the substantive arguments
Plaintiffs asserted in their pro se Response to Defendant's initial Motion to Dismiss.

jurisdiction and venue issues.  See Fed. R. Civ. P. 12(b)(2) & (3).  Affidavits, depositions,

answers to interrogatories, and similar evidentiary matter may be presented and are freely

considered on a motion attacking jurisdiction.  See Sunwest Silver, Inv., v. Int'l Connection,

Inc., 4 F.Supp.2d 1284, 1285 (D.N.M. 1998); Jones v. 3M Company, 107 F.R.D. 202, 204

(D.N.M. 1984).

**Personal Jurisdiction**

"Federal courts sitting in diversity have personal jurisdiction over nonresident defendants

to the extent permitted by the law of the forum." Benally v. Amon Carter Museum of Western

Art, 858 F.2d 618, 621 (10th Cir. 1988) (citations omitted).  Plaintiffs have the burden of

establishing personal jurisdiction over Defendant Schumacher.  See Kuenzle v. HTM Sport-Und

Freizeitgeräte AG,102 F.3d 453, 456 (10th Cir. 1996).

New Mexico applies a three-part test to determine whether personal jurisdiction lies over

non-residents.  The Court must determine whether:  (1) the defendant committed an act or

omission specifically set forth in New Mexico's long-arm statute;[3] (2) the cause of action arises

out of that act or omission; and (3) the defendant has sufficient minimum contacts to satisfy due

process concerns.  Tercero v. Roman Catholic Diocese of Norwich, Conn., 132 N.M. 312, 318

(2002).

---

[3] New Mexico's long-arm statute, 1978 NMSA § 38-1-16(A), reads in pertinent part as
follows:
  A.      Any person, whether or not a citizen or resident of this state, who in person or
through an agent does any of the acts enumerated in this subsection thereby submits himself or
his personal representative to the jurisdiction of the courts of this state as to any cause of action
arising from:  (1) the transaction of any business within this state; (2) . . . the operation of a
motor vehicle upon the highways of this state; (3) the commission of a tortious act within this
state; . . .
        . . . .
  C.      Only causes of action arising from acts enumerated in this section may be
asserted against a defendant in an action in which jurisdiction is based upon this section.

Due process requires that a defendant must have sufficient "minimum contacts" with the forum state such that allowing the action to be brought there will not "offend traditional notions of fair play and substantial justice." Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 319-20 (1945)); see also Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd., 385 F.3d 1291, 1296 n.1 (10th Cir. 2004) ("A finding of minimum contacts with the forum is necessary, but is not sufficient for the exercise of personal jurisdiction. A district court must also consider whether personal jurisdiction is reasonable in light of the circumstances surrounding the case.").

New Mexico law merges the analysis of whether a defendant has transacted business or committed a tortious act within New Mexico with the inquiry regarding whether such activities constitute minimum contacts sufficient to satisfy due process concerns. Tercero, 132 N.M. at 316 (citing Telephonic, Inc. v. Rosenblum, 88 N.M. 532, 534 (1975)) However, this is true only if the cause of action arises from the particular transaction of business or commission of a tortious act, and if the minimum contacts were purposefully initiated by the defendant. Id. at 317. Thus, Defendant's conduct under both elements of the long-arm statute must be analyzed within the context of due process. See Doe v. Roman Catholic Diocese of Boise, Inc., 121 N.M. 738, 742 (Ct. App.1996), cert. denied, 121 N.M. 693 (1996); Caba Ltd. Liability Co v. Mustang Software, Inc., 127 N.M. 556, 984 P.2d 803, 807 (Ct. App. 1999) ("The meaning of [terms in the long-arm statute] is to be equated with the minimum contacts sufficient to satisfy due process.") (quoting Visarraga v. Gates Rubber Co., 104 N.M. 143, 146, 717 P.2d 596, 599 (Ct. App. 1986) (internal quotes omitted)).

The International Shoe "minimum contacts" standard may be met in either of two ways: specific jurisdiction, or general jurisdiction. Specific jurisdiction is based on a matter occurring in the forum state, and exists when the defendant "purposely avails itself of the privilege of

4

conducting activities within the forum state, thus invoking the benefits and protections of its laws." <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).  General jurisdiction lies when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state.  <u>Trierweiler</u>, 90 F.3d at 1532-33.  The defendant's conduct and connection with the forum state must be such that defendant "should reasonably anticipate being haled into court there." <u>Id</u>. at 1534 (internal quotation marks omitted).

**Unsworn Declarations Under Penalty of Perjury**

28 U.S.C.A. § 1746, Unsworn declaration under penalty of perjury, reads:

> Wherever, under any law of the United States or under any rule, regulation, order or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certification, statement, oath, or affidavit, in writing of the person making the statement . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following:
>
> > . . . "I declare . . . under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

## ANALYSIS

Plaintiffs' Complaint is an unsworn document which does not meet the requirements of 28 U.S.C.A. § 1746.  (Doc. 1).  Similarly, Plaintiffs' Response to Defendant's initial Motion to Dismiss is also an unsworn document which does not meet the requirements of 28 U.S.C.A. § 1746.  (Doc. 6).  In contrast, attached to Defendant's instant Motion to Dismiss are unsworn declarations, conforming to 28 U.S.C.A. § 1746, from President of Schumacher Cargo Lines Inc. Martin Maker and Import Manager of Schumacher Cargo Lines Inc. Karolina Zawadzka.  (Doc. 32, 32-2: Exhibit A, C).  Accordingly, when the mere unsworn factual allegations of Plaintiffs' Complaint and Plaintiffs' Response to Defendant's initial Motion to Dismiss (Doc. 1, 6) are in

conflict with the facts as laid out in the unsworn declarations attached to the instant motion (Doc. 32-2: Exhibit A, C), the Court shall resolve such conflicts in favor of Defendant's unsworn declarations assertions pursuant to 28 U.S.C.A. § 1746.[4]

**Personal Jurisdiction**

The Court, having reviewed the pertinent factual evidence, finds that Plaintiffs have not established that Defendant committed an act or omission specifically set forth in New Mexico's long arm statute.  Specifically, Defendant has not transacted any business within New Mexico. Moreover, even if Defendant had transacted business within New Mexico, Defendant did not have such "minimum contacts" with New Mexico to sufficiently satisfy due process concerns.

In his unsworn declaration, Defendant Schumacher President Martin Baker stated:

> Schumacher Cargo Logistics, Inc. is incorporated in the State of California and has always maintained its principal place of business . . . [in] California . . . .  The company has never had any officers, employees, representatives, servants, a mailing address[], a telephone listing, a bank account or designated agent in New Mexico. The company has never conducted any business advertising in New Mexico. Specifically, the company has never shipped any cargo on behalf of any person or company to or from New Mexico.

(Doc. 32-2:  Exhibit A).

In July of 2006 Plaintiffs personally delivered the cargo to Defendants in California. (Doc. 1, 32).  "Schumacher Cargo Lines did not agree to, nor participate in, the transport of Plaintiffs' cargo from New Mexico" to California.  (Doc. 32-2:  Exhibit A).  Defendant Schumacher did agree to, and participate in, the transport of Plaintiffs' cargo from Long Beach, California to Wellington, New Zealand.  (Doc. 1,1-2, 32).  However, "[a]ll transactions related to Plaintiffs' Export Shipment [to New Zealand] were conducted in California.  Plaintiffs contacted

---

[4] As a result, the Court, in this Memorandum Opinion and Order, recites disputed facts as stated by Defendant in the instant Motion and attached unsworn declarations–rather than tediously noting each disputed fact the Court views in Defendant's favor throughout the Memorandum Opinion and Order.

Schumacher Cargo Lines' California offices to inquire about and make arrangements for the ocean carriage of Plaintiffs' cargo."  (Doc. 32-2: Exhibit A).

In her unsworn declaration, Defendant Schumacher Import Manager Karolina Zawadzka stated:

> I first received notice that Plaintiffs' container had been shipped back to the United States on November 30, 2006.  Schumacher Cargo did not participate in the shipment of cargo from New Zealand to California, nor was Schumacher Cargo aware of the shipment.  On November 30, 2006, I received an Arrival Notice from [co-defendant] CaroTrans.  I contacted [co-defendant] Mainfreight, the shipper of the cargo, to receive information and documents on the shipment.  Mainfreight informed me that the Arrival Notice concerned cargo originally shipped with Schumacher Cargo, but that it had been booked as a return shipment directly with Mainfreight.  Schumacher Cargo was not a party to this.  So, I then called Plaintiffs to inform them that their container had arrived in California.  I asked Plaintiff Julia Eaves if she would like Schumacher to take care of the destination services, including clearance, handling, and delivery.  Plaintiff declined Schumacher Cargo's services.  Plaintiff next contacted me on December 19, asking for more information and a quote for shipping cargo from California to Colorado Springs, Colorado.  I advised her that Schumacher Cargo was not handling the shipment and to contact CaroTrans, Mainfreight's agent. I provided Plaintiff with the phone number, contact name and reference number for CaroTrans.
>
> Schumacher Cargo did not arrange for, nor provide trucking for Plaintiffs' cargo from California to Albuquerque, New Mexico.  Nor did we make any arrangements for the stowage of cargo in New Mexico.

(Doc. 32-2:  Exhibit C).  Finally, "Schumacher Cargo Lines has not engaged in any purposeful business activity within new Mexico . . . ."  (Doc. 32-2, Exhibit A).

Viewing the Defendant's unsworn declarations in accordance with 28 U.S.C.A. § 1746, the Court finds that Plaintiffs have not met their burden of making a prima facie case that personal jurisdiction exists.  Defendant did not transact any business in New Mexico that led to the cause of action in this case.  Moreover, Defendant does not have the necessary "minimum contacts" with New Mexico to sufficiently satisfy due process.  In particular, specific jurisdiction does not exist because Defendant has not purposely availed itself of the privilege of conducting activities within New Mexico.  Further, general jurisdiction does not exist because Defendant

does not have the type of continuous and systematic contact with New Mexico that would allow the state to exercise personal jurisdiction over the defendant regardless of whether a particular suit is related to Defendant's contacts with New Mexico.  Finally, the Court finds that personal jurisdiction is unreasonable in light of the circumstances surrounding the case.

**IT IS THEREFORE ORDERED** that Plaintiffs' claims in regards to specifically Defendant Schumacher Cargo Logistics, Inc. shall be dismissed for lack of personal jurisdiction.

_____

UNITED STATES DISTRICT JUDGE